UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRICK AUSTIN,

                    Plaintiff,

    -against-

STELLAR WORKS USA, INC.
and 304-306 CANAL STREET LLC,

                    Defendants
------------------------------------------------------------x

Caso No. 1:25-cv-7209

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Stellar Works USA, Inc. and 304-306 Canal Street LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This case challenges the Defendants' longstanding and unlawful discrimination against individuals with disabilities. Plaintiff seeks declaratory and injunctive relief, equitable remedies, compensatory and punitive damages where authorized, along with attorney's fees, costs, and expenses. The claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., as well as the New York State Executive Law, the New York State Civil Rights Law, and the Administrative Code of the City of New York.

2.      Defendants own, lease, operate, and control a place of public accommodation that fails to comply with these statutes and regulations. They are responsible for the conduct of their employees and agents and are liable for the barriers that exist at the property.

3.      Rather than fulfill their clear legal obligations to provide access, Defendants chose to disregard accessibility requirements. They prioritized cost savings over compliance, effectively sending a message that customers with disabilities do not matter. Plaintiff now

1

seeks to hold them accountable and to compel full compliance so that he and other individuals with disabilities may enjoy equal access to the same goods and services available to all other patrons.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under federal law, specifically Title III of the Americans with Disabilities Act, 42 U.S.C. § 12188. The Court also has supplemental jurisdiction over Plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred here and the place of public accommodation at issue is located within this District.

## PARTIES

6.      Plaintiff is and has been a resident of New York County, New York.

7.      As a result of a severe spinal injury involving the L3-L5 vertebrae and nerve palsy, Plaintiff has been confined to a wheelchair. These medical conditions substantially impair his ability to walk, limit his range of motion, and significantly restrict his mobility.

8.      Defendants Stellar Works USA, Inc. and 304-306 Canal Street LLC own, lease, operate, or control the property located at or about 304 Canal Street, New York, New York 10013 (the "Premises"). Each defendant is licensed to do business in New York and, at all relevant times, has operated a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Each Defendant qualifies as a public accommodation because they own, lease, control, or operate the Premises within the meaning of the ADA, the New York State Executive Law, and the New York City Administrative Code.

10.      The Premises itself is a public accommodation under those statutes, as it is operated by private entities and its operations affect commerce.

11.      Despite these obligations, the Premises contains multiple architectural barriers that impede or block access for Plaintiff and other individuals with disabilities.

12.      Upon information and belief, the Premises was first constructed for occupancy after January 26, 1993. Further, on information and belief, Defendants have carried out alterations to the Premises since January 1992, including work within and adjacent to the building.

13.      Plaintiff is a New York City resident who frequently travels throughout the city, including to the neighborhood where the Premises is located. He regularly visits the area for shopping and dining, often accompanied by family, and enjoys reading and listening to music during meals. Plaintiff uses an electric wheelchair to navigate the city and at times relies on the public bus system for transportation.

14.      On or about February 8, 2025, Plaintiff attempted to visit the Premises because he was interested in purchasing high-end furniture offered by Defendants. He specifically wanted to explore the showroom and consult with a sales associate about his needs.

15.      Plaintiff was unable to enter because the main entrance was obstructed by steps, and there was no way to reach anyone inside the store for assistance. This experience left Plaintiff feeling humiliated and excluded, and he remains aware that these barriers are still

present today.

16.     Even so, Plaintiff intends to return once the barriers are removed, as the Premises is located less than an hour from his home and offers products in which he is genuinely interested.

17.     The features, services, and spaces at the Premises are not accessible as required by the Americans with Disabilities Act Accessibility Guidelines, including the 1991 Standards for Accessible Design and the 2010 Standards for Accessible Design.

18.     Defendants' failures to comply with these requirements have denied Plaintiff safe, equal, and complete access. The Premises was not designed, constructed, or altered in accordance with the ADA Standards, the New York City Administrative Code, the New York City Building Code, or the 2014 New York City Construction Code.

19.     Among the barriers Plaintiff encountered, and which continue to exist, are:

20.     INACCESSIBLE ENTRANCE. NO ACCESSIBLE ROUTE INTO THE PREMISES. LACK OF ACCESSIBLE MEANS OF EGRESS. ENTRANCE STEPS THAT BLOCK WHEELCHAIR ENTRY. FAILURE TO PROVIDE A REQUIRED RAMP.

21.     Applicable guidelines require accessible routes, entrances, and egresses. Changes in level greater than one-half inch must be ramped, and such ramps must comply with governing standards.

22.     This list is not exhaustive. A complete inspection will reveal additional barriers. Plaintiff intends to amend the complaint to include all violations found during such an inspection.

23.     By failing to provide accessible routes and accommodations, Defendants have excluded Plaintiff from participating in and benefitting from the services they offer. They have

4

not ensured that their policies and practices comply with disability rights laws, nor have they offered reasonable modifications.

24.     The ongoing presence of these barriers creates a real and continuing threat of discrimination. Plaintiff travels often to the area where the Premises is located and intends to patronize the showroom multiple times once it becomes accessible.

## FIRST CAUSE OF ACTION

## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

25.     Plaintiff repeats and incorporates all preceding allegations as though fully stated herein.

26.     Plaintiff is substantially limited in the major life activities of walking and body movement and therefore qualifies as an individual with a disability under the ADA. Because of these impairments, he relies on a wheelchair and has restricted range of motion.

27.     Under federal regulations, both a property owner and a lessee of a public accommodation are jointly and severally liable for ADA compliance. Neither may avoid responsibility by shifting duties through a lease or other contract.

28.     Defendants have subjected Plaintiff to unequal treatment by denying him full and equal use of their facility on the basis of his disability. Their policies and practices also have a disparate impact on Plaintiff.

29.     By operating a building and public accommodation that is not accessible, Defendants have signaled to individuals with disabilities that they are unwelcome and unwanted.

30.     Defendants designed, constructed, and altered the Premises in a manner that fails to comply with the 1991 and 2010 ADA Standards. See 28 C.F.R. § 36.401(a)(1); 42 U.S.C. § 12183(a)(1).

31.     The Premises is not fully accessible and fails to provide an integrated and equal environment, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

32.     When Defendants altered their facility, they did not ensure that the public accommodation was made accessible to the maximum extent feasible, contrary to 28 C.F.R. §§ 36.402 and 36.406. Likewise, they did not provide accessible paths of travel to primary function areas as required by 28 C.F.R. § 36.403.

33.     Section 36.406 of the regulations requires that non-compliant facilities be made accessible under the 2010 Standards. Defendants failed to meet this obligation.

34.     They also neglected to remove existing barriers where doing so would have been readily achievable, in violation of 28 C.F.R. § 36.304. It would have been feasible and reasonable to make the Premises fully compliant.

35.     By failing to take these steps, Defendants discriminated against Plaintiff under 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.304. Alternatively, Defendants failed to provide reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

36.     Defendants' continued operation of an inaccessible facility constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

37.     Plaintiff repeats and incorporates the foregoing allegations as if fully set forth here.

38.     Because of his medical conditions, Plaintiff is substantially limited in the major life activities of walking and body movement. He is therefore an individual with a disability within the meaning of Executive Law § 296(21).

39.     Defendants have subjected Plaintiff to unequal treatment by denying him the

6

same opportunity to use their place of public accommodation that is offered to non-disabled patrons.

40.    By maintaining and operating a facility that excludes individuals with disabilities, Defendants violated New York State Executive Law § 296(2). Each Defendant has further aided and abetted others in committing acts of disability discrimination.

41.    Defendants failed to remove architectural barriers where doing so was readily achievable, in violation of Executive Law § 296(2)(c)(iii).

42.    In the alternative, Defendants failed to provide Plaintiff with reasonable alternatives to barrier removal, as required under Executive Law § 296(2)(c)(iv).

43.    Making the Premises fully accessible would not create an undue burden or hardship for Defendants, and doing so is readily achievable.

44.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer emotional harm, including humiliation, embarrassment, stress, and anxiety.

45.    Plaintiff has incurred damages and will continue to sustain damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

46.    Plaintiff repeats and incorporates all prior allegations as though fully set forth here.

47.    Plaintiff's medical conditions substantially impair his bodily systems, including the major life activities of walking and body movement, and thus he is an individual with a disability as defined by Administrative Code § 8-102(16).

48.    The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, broadened the protections of the Administrative Code by clarifying that its provisions must be construed independently and more liberally than parallel state or federal civil rights laws. The

statute directs courts to interpret its remedial purposes as broadly as possible.

49.    Defendants have engaged, and continue to engage, in disparate treatment and disparate impact discrimination by directly and indirectly withholding, refusing, and denying the benefits, services, and privileges of their public accommodation to Plaintiff on the basis of his disability, in violation of Administrative Code § 8-107(4). Each Defendant has aided and abetted this discrimination.

50.    By designing, constructing, maintaining, and operating an inaccessible facility, Defendants have violated Administrative Code § 8-107(4) and Local Law 58.

51.    Defendants' conduct has subjected Plaintiff to ongoing emotional harm, including humiliation, stress, and embarrassment.

52.    On information and belief, Defendants' refusal to bring their facility into compliance has been intentional, reckless, and undertaken with deliberate disregard for Plaintiff's rights under the Administrative Code. Their message to disabled patrons has been clear: they are unwelcome and not wanted.

53.    This conduct was willful, wanton, and reckless, entitling Plaintiff to punitive damages under Administrative Code § 8-502.

54.    Defendants have also profited from their discriminatory practices by collecting revenue from a non-compliant space rather than using those funds to make their facility accessible. Plaintiff seeks disgorgement of these unlawful profits with interest.

55.    As a result, Plaintiff has sustained and will continue to sustain damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

56.    Plaintiff repeats and incorporates the preceding allegations as if fully stated herein.

8

57.     By engaging in the discriminatory conduct described above, Defendants violated Plaintiff's rights under the New York State Executive Law.

58.     As a result, Plaintiff is entitled to recover the statutory penalties provided under Civil Rights Law §§ 40-c and 40-d for each violation committed by Defendants.

## INJUNCTIVE RELIEF

59.     Plaintiff continues to face unlawful discrimination because Defendants have failed to bring the Premises into compliance with federal, state, and city disability rights laws. Injunctive relief is therefore required to compel Defendants to modify and alter their facility, as well as their policies, practices, and procedures.

60.     Such relief is necessary to make the Premises accessible and usable to Plaintiff in accordance with the ADA, the New York State Executive Law, and the New York City Administrative Code.

61.     An injunction is also necessary to require Defendants to provide auxiliary aids or services, to modify their policies where needed, and to adopt alternative methods that will ensure equal access.

## DECLARATORY RELIEF

62.     Plaintiff seeks a declaratory judgment confirming that Defendants have violated federal, state, and city disability access laws. A declaration is also sought as to the specific accessibility violations at the Premises, the modifications required to bring the facility into compliance, and the obligations Defendants must meet with respect to their goods, services, policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

63.     In order to enforce plaintiff's rights against the defendants, plaintiff has

retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.    Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.   Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.   Award of compensatory damages in an amount to be determined at trial;

v.    Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.  Find that plaintiff is a prevailing party in this litigation and award reasonable

attorney's fees, costs and expenses pursuant to the ADA; and

viii.    For such other and further relief, at law or in equity, to which plaintiff may be

justly entitled.

Dated: August 29, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com